# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RANDALL WAYNE OAKS,          )
                             )
            Plaintiff,       )
                             )
       v.                    )    No. CIV-06-199-S
                             )
ROBERT CAMPBELL,             )
                             )
            Defendant.       )

## ORDER AND OPINION

Before the court for its consideration is the defendant Robert Campbell's Motion to Dismiss filed November 13, 2006 (Docket #17). The court grants the motion for the following reasons.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. Sec. 1983. In his complaint he alleges he is being held on false charges in violation of the constitution. He also alleges failure to perform duties by certain government officials. Finally, he alleges intimidation of a witness during court proceedings. Plaintiff has also filed subsequent pleadings complaining that his right to a speedy trial is being violated because he has yet to have a jury trial on the charges against him. Plaintiff is a state pretrial detainee.

The State filed a response to the Petitioner's Notice and a Motion to Dismiss. In this pleading, the State seeks a dismissal of this complaint arguing plaintiff has created the delays which resulted in postponement of his trial.

It has long been the policy of federal courts not to

1

interfere with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of the state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate whenever there exists (1) ongoing state criminal proceedings, (2) that implicate important state interests, (3) where the state court affords an adequate forum to present the applicant's federal constitutional challenge. Middlesex County Ethics Commissioner v. Garden State Bar Association, 457 U.S. 423, 432 (1982). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. Thompson, 874 F.2d 709, 711 (10th Cir. 1989). It is undisputed all three criteria are met for abstention in this matter. There is no dispute that there is an ongoing state criminal proceeding. In these proceedings, plaintiff will have the opportunity to fully litigate the truth and veracity of the charges against him. If he disagrees with the outcome of the trial he can further litigate his claims through direct and collateral appeals. Further, the State of Oklahoma has an important interest in enforcing its criminal laws through proceedings in state court. Younger authorizes federal courts to enjoin a pending state criminal prosecution provided that it was (1) commenced in bad faith; (2) based on an unconstitutional statute; or (3) related to any other such extraordinary circumstance creating a threat of "irreparable injury" both great and immediate. Phelps v. Hamilton, 59 F.3d 1058, 1063-64 (10th Cir. 1995). Plaintiff has failed to show any of the factors which would justify this court's intervention in his state criminal proceeding. Plaintiff has not shown any

2

exceptional circumstances meriting this court's interference with his pending state criminal trial.  Plaintiff's main argument has been the delay in bringing him to trial.  However, the evidence reveals this delay has been caused by the defendant.  He has requested additional testing of physical evidence.  In fact, plaintiff has signed an affidavit which acknowledges that by assenting to this delay he is waiving his right to a speedy trial and agrees to the waiver.  The defendant is the reason for the delay.  Under these circumstances the court simply does not see the exceptional circumstances which are needed for this courts intrusion into a state criminal proceeding.  Therefore, this court grants the defendant's motion to dismiss.

Accordingly, the court grants the defendant Robert Campbell's Motion to Dismiss (Docket #17) and this action is dismissed in its entirety.

**Dated this 7th Day of February 2007.**

J4h4i0

Frank H. Seay
United States District Judge
Eastern District of Oklahoma